UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMIAH BOURGEOIS,

    Plaintiff,

  v.

HON. PAULA CASEY,

    Defendants

Case No. C06-5592JKA

ORDER TO SHOW CAUSE

    This 28 U.S.C. § 1331 Mandamus action has been referred to the undersigned Magistrate Judge on initial consent.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Review of the complaint prior to service reveals plaintiff is trying to sue a Thurston County Superior Court Judge for a ruling made in a civil case.  Judge Casey refused to grant *in forma pauperis* status and dismissed the action (Dkt. # 1 proposed complaint).  Plaintiff does not seek damages but instead seeks declaratory and injunctive relief (Dkt. # 1, proposed complaint).

    Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).  Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity.  Stump v. Sparkman, 435 U.S.

ORDER

349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. <u>Ashelman</u>, 793 F.2d at 1078.

Review of the complaint shows plaintiff seeks injunctive relief sounding in mandamus that would require Judge Casey file his complaint. However, the District Court has no jurisdiction to issue a mandamus to compel action by a state official. <u>See</u> 28 U.S.C. § 1361 (district court has jurisdiction over mandamus action only to compel officers of the United States to perform their duties). 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain"; (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt"; and (3) no other adequate remedy is available. <u>Barron v. Reich</u>, 13 F.3d 1370, 1374 (9th Cir.1994) (citations omitted).

It does not appear the court has jurisdiction to entertain this action. Plaintiff is **ORDERED** to show cause on or before **January 26, 2007** why this action should not be **DISMISSED PRIOR TO SERVICE FOR FAILURE TO STATE A CLAIM**. This dismissal would count as a strike under the Prison Litigation Reforms Act for purposes of 28 U.S.C. § 1915 (g).

The Clerk is directed to send a copy of this Order to plaintiff and note this matter for **January 26, 2007.**

DATED this 22 day of December, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER